UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JESUS CARMONA,

Plaintiff,

v.

ANTHONY D. ERHOLTZ and
DENY PETERSON,

Defendants.

Civil NO. 00-2781 (MJD/ESS)

REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at the Crow Wing County Jail in Brainerd, Minnesota, has filed a complaint seeking relief under 42 U.S.C. § 1983. He alleges that Defendants, two jail employees, violated his federal constitutional rights by placing him in a "lockdown" status for 24 hours without the benefit of due process. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]

For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 2 and 3.) By order dated January 8, 2001, (Docket No. 4), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 5), and the matter is therefore ripe for initial screening pursuant to § 1915A.

FILED FEB 14 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

Plaintiff's lawsuit stems from an incident that occurred at the Crow Wing County Jail on December 22, 2000.[2] Sometime before noon that day, Plaintiff was given an opportunity to participate in a "recreation hour" at the jail. However, Plaintiff told Defendant Anthony Erholtz, a Crow Wing County sheriff's deputy, that he wanted to simply shave and then return immediately to his cell. Although Erholtz allegedly agreed to that proposal, he later told Plaintiff that he would have to wait for a while before he could go back to his cell. Plaintiff says that he "contended with" Erholtz, apparently making it quite clear that he did not appreciate the delay in returning to his cell. Erholtz responded to Plaintiff's complaints by telling him that he would be "locked down" (i.e., confined to his cell) for the next 24 hours.

Later that day, Plaintiff encountered Defendant Denny Peterson, another sheriff's deputy, and complained to him about Erholtz's lockdown order. Peterson, however, refused to do anything to help Plaintiff; he merely told Plaintiff that no hearing on the matter would be conducted because the lockdown would last for only 24 hours. It appears that Plaintiff remained in his cell for the rest of the 24-hour period ordered by Defendant Erholtz, and he was then released from his lockdown status.

Plaintiff is now suing both Erholtz and Peterson, claiming that they violated his constitutional right to due process by causing him to be confined in his cell for 24 hours

---

[2] Plaintiff's current pleading provides no explanation for his confinement in the county jail. However, he filed a habeas corpus petition in this District last year, (Carmona v. Ross, Civil No. 00-1450 (MJD/ESS)), which shows that he was arrested and taken into custody for an alleged parole violation. Plaintiff's habeas case was summarily dismissed without prejudice, because he had not yet exhausted his available state court remedies.

without any investigation or hearing. He is seeking a judgment that would require Defendants to (i) forfeit 30 days of pay, (ii) give Plaintiff a written apology, and (iii) pay Plaintiff a total of $16,000 as compensatory and punitive damages.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1). In this case, the Court finds that Plaintiff has failed to state any claim on which relief can be granted. His complaint must therefore be summarily dismissed pursuant to § 1915A(b)(1).

Because Plaintiff is confined in a county jail, the Court will assume, for present purposes, that he is a pre-trial detainee -- or that his status is the legal equivalent of pre-trial detainee.[3] In Smith v. Copeland, 87 F.3d 265 (8th Cir. 1996), our Court of

---

[3] If Plaintiff were a convicted prisoner serving a court-ordered prison term, the inadequacy of his present lawsuit would be even more obvious. An inmate serving a prison sentence cannot maintain a due process claim unless he can show that he has suffered some "atypical and significant hardship... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). See also Moorman v. Thalacker, 83 F.3d 970, 972 (8th Cir. 1996), (prisoner due process rights are implicated only when there have been "deprivations which work such major disruptions in a prisoner's

Appeals pointed out that --

> "The standard applicable to conditions of confinement claims by pretrial detainees was enunciated in Bell v. Wolfish, 441 U.S. 520... (1979). The proper inquiry is whether those conditions amount to punishment of the detainee, for, under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt. Id. at 535.... However, not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense. Id. at 537.... Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Id. at 539.... The Government has legitimate interests that stem from its need to manage the facility in which the individual is detained. Id. at 540.... Furthermore, there is a de minimis level of imposition with which the Constitution is not concerned. Id. at 539 n. 21...."

Id. at 268.

It must also be remembered that

> "the problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.... [Citations and footnote omitted.] 'Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.'"

---

environment and life that they present dramatic departures from the basic conditions and ordinary incidents of prison sentences"). According to Sandin, being confined to a cell for a single 24-hour period is not the type of deprivation that could trigger due process concerns. Therefore, if Plaintiff were a convicted and sentenced prisoner, (rather than a pre-trial detainee), Sandin would preclude him from bringing a due process claim based on the facts alleged in his complaint.

Bell v. Wolfish, 441 U.S. 520, 547-48 (1979), quoting Pell v. Procunier, 417 U.S. 817, 827 (1974).

With the foregoing principles in mind, it is readily apparent that Plaintiff has not pleaded an actionable due process claim in his present complaint. The inadequacy of Plaintiff's complaint can be easily seen by comparing the facts alleged here with the facts of Smith v. Copeland. Smith, like the instant Plaintiff, was a county jail inmate who sought relief under § 1983 for alleged violations of his right to due process. Unlike Petitioner, however, Smith alleged that he was placed in "segregated confinement" for four days – far longer than the 24-hour lockdown described in Plaintiff's complaint. Furthermore, Smith alleged that the toilet in his isolation cell overflowed, and "that he was 'made to endure the stench of [his] own feces and urine'" during the four days that he was in segregated confinement. Smith, 87 F.3d at 268.

The overflowing toilet described in Smith is far more offensive than anything alleged in Plaintiff's present complaint. Yet the Eighth Circuit found Smith's due process claim to be inadequate, as a matter of law. The Court held that even Smith's "'raw sewage' allegation" amounted to no more than "a de minimis imposition" that did not "implicate constitutional concerns." Id. Since the circumstances described in Smith lacked constitutional significance, the same must be true here.

In light of Smith, it is clear that the facts alleged in Plaintiff's complaint do not support an actionable § 1983 claim. To put it plainly, confining an admittedly contentious inmate to his cell for 24 hours simply does not violate the U.S. Constitution.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to state a claim on which relief can be granted. His action must therefore be summarily dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A(b). Plaintiff's application for leave to proceed IFP must also be denied because he has failed to state an actionable claim for relief. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[4] He has paid only $5.00, so he still owes $145.00. Jail officials will have to deduct that amount from his jail trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

---

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket Nos. 2 and 3), be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $145.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: February 13, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.